UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SHAMIR YISRAEL,

         PLAINTIFF,    **AMENDED COMPLAINT**

   -AGAINST-        13 Civ. 4583 (NRB)

NEW YORK CITY, SERGEANT ADAM DONOFRIO
and POLICE OFFICER KYLE HURST, individually, and
in their capacity as members of the New York City Police
Department,

         DEFENDANTS.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Ms. Shamir Yisrael ("Ms. Yisrael") seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about April 19, 2013, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Yisrael to false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Ms. Yisrael, is a 32 year old African American female.

7. Ms. Yisrael is a citizen of the United States and at all times here relevant resided at 102 West 137th Street, Apt 3A, New York, NY 10030.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Sergeant Adam Donofrio ("Sgt. Donofrio") and Police Officer Kyle Hurst ("PO Hurst"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

10. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Ms. Yisrael is a single mother and is employed in medical sales.

12. Prior to the incident in question, Ms. Yisrael had never been arrested.

13. Ms. Yisrael lives with her mother.

14. On or about April 19, 2013, at approximately 2:45 am, Ms. Yisrael was up late completing taxes online.

15. Ms. Yisrael's mother told Ms. Yisrael that her uniform was dirty and that she had to wash it for work in the morning.

16. Ms. Yisrael's mother works for the US Postal Service.

17. Ms. Yisrael did not want her mother to go out at that time of night, so Ms. Yisrael offered to wash her mother's uniform at the nearby 24-hour Laundromat.

18. Ms. Yisrael's sister went with Ms. Yisrael to keep her company.

19. Ms. Yisrael put the uniform to wash in the Laundromat.

20. Ms. Yisrael waited outside, as she felt uncomfortable in the Laundromat because various men were loitering inside.

21. Ms. Yisrael and her sister decided to wait by a well-lit bus stop, located on Lenox Avenue between West 138th and West 139th Street, New York.

22. Ms. Yisrael and her sister were approached by Sgt. Donofrio and PO Hurst.

23. Sgt. Donofrio asked Ms. Yisrael and her sister what they were doing out so late.

24. Ms. Yisrael explained that they were washing their mother's uniform at the nearby Laundromat.

25. Sgt. Donofrio then accused Ms. Yisrael of lying.

26. Ms. Yisrael explained that she lived nearby and that PO Hurst could go speak to her mother to confirm what she had said.

27. Ms. Yisrael gave PO Hurst her address.

28. Sgt. Donofrio then asked Ms. Yisrael and her sister if they had anything in their possession that they should not have.

29. Ms. Yisrael and her sister told Sgt. Donofrio that they did not.

30. Sgt. Donofrio then accused Ms. Yisrael and her sister of drinking from a container that was underneath the bench of the bus stop.

31. Ms. Yisrael told Sgt. Donofrio that she had not been drinking and that any items underneath the bench were there before she and her sister arrived.

32. Sgt. Donofrio then again accused Ms. Yisrael of lying and told her he was going to arrest her.

33. Ms. Yisrael and her sister were in disbelief and asked Sgt. Donofrio why they were being arrested.

34. Sgt. Donofrio did not respond and called for back up.

35. A short time later several police officers arrived.

36. Ms. Yisrael asked again "Officer, why am I being arrested."

37. Sgt. Donofrio replied "I'm not an officer, I'm a sergeant, and you think your something."

38. Sgt. Donofrio then handcuffed Ms. Yisrael.

39. The handcuffs were extremely tight and Ms. Yisrael requested that Sgt. Donofrio loosen the handcuffs.

40. Sgt. Donofrio refused to loosen the handcuffs.

41. The tightness of the handcuffs caused bruising to Ms. Yisrael's wrist.

42. Ms. Yisrael and her sister were transported to the 32nd Precinct.

43. Ms. Yisrael's sister was given a summons and released.

44. Ms. Yisrael was processed and taken to Central Bookings.

45. On or about April 19, 2013, at approximately 8:00 pm, Ms. Yisrael was arraigned on various charges and granted an Adjournment in Contemplation of Dismissal.

46. Ms. Yisrael continues to feel traumatized by the events of April 19, 2013 and is wary and fearful when she sees police officers.

47. Ms. Yisrael takes efforts to avoid police officers when in public.

48. Ms. Yisrael suffered physical injuries as a result of this incident, including bruising to her wrist.

49. Ms. Yisrael suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

52. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

53. Defendants confined plaintiff.

54. Plaintiff was aware of, and did not consent to, her confinement.

55. The confinement was not privileged.

56. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

59. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

60. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Denial of Right to a Fair Trial)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

63. Defendants have deprived plaintiff of her right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

64. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of her rights.

65. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(Failure to Intervene)

66. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

67. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

68. Defendant Sgt. Donofrio arrested plaintiff without probable cause and used excessive force in effecting the arrest of plaintiff.

69. Defendant PO Hurst was aware, or should have been aware, that Sgt. Donofrio did not have probable cause to arrest plaintiff and was using excessive force in effecting the arrest of plaintiff.

70. Defendant PO Hurst failed to intervene to prevent Sgt. Donofrio from arresting plaintiff without probable cause and from using excessive force in effecting the arrest of plaintiff.

71. Defendant PO Hurst had sufficient time to intercede and had the capability to prevent Sgt. Donofrio from arresting plaintiff without probable cause and from using excessive force in effecting the arrest of plaintiff.

72. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

73. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 21, 2013

By: _____
Justin Delle Cave (JD 0896)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075